UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES EUGENE FREY,<br><br>Defendant. | Case No. 2:23-cr-00340-AKB-1<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is the Government's Notice of Appeal of Magistrate's Order and Request for Additional Time to File Memorandum in Support of Appeal. (Dkt. 36). The Government requests the Court revoke the Order Denying the Government's Motion for Detention and Staying Order Setting Conditions of Release (Dkt. 35) issued by Chief United States Magistrate Judge Raymond E. Patricco, Jr., which ordered that Defendant James Frey be released pending trial. Frey opposes the Government's motion. (Dkt. 42). For the reasons set forth below, the Court denies the Government's motion and affirms the magistrate's release order.

I. BACKGROUND

This case concerns a criminal prosecution for the alleged distribution of fentanyl. On December 5, 2021, law enforcement pulled Frey over while driving through Kootenai County, Idaho after observing signs of intoxicated driving. In the car with Frey was co-defendant Ashley Mitchell. Law enforcement eventually searched the vehicle and found methamphetamine, drug paraphernalia, and over 4,000 fentanyl pills. Frey and Mitchell were both arrested and charged with possession with the intent to distribute fentanyl, 21 U.S.C. § 841(a)(1) and (b)(1)(B), as well as conspiracy to distribute fentanyl, 21 U.S.C. § 846. (Dkt. 2). The Government moved to detain

Frey pending trial, and Frey opposed the motion. (Dkt. 24). Following a detention hearing, the magistrate judge denied the Government's motion and ordered that Frey be released pending trial. (Dkt. 35). The Government has since moved for review and revocation of the magistrate judge's release order. (Dkt. 36).

## II.  LEGAL STANDARD

Under 18 U.S.C. § 3145(a)(1), if a defendant is ordered released by a magistrate judge, the Government may file a motion to have the district court review the magistrate judge's order. Such motions must be resolved "promptly." *Id.* A district court reviews the magistrate judge's order de novo. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* The district court may hold a hearing as part of its review if it is necessary or desirable to do so. *Id.*

## III.  ANALYSIS

The Government requests the Court revoke the magistrate judge's release order and detain Frey pending trial. The Bail Reform Act governs pretrial confinement and release. *See* 18 U.S.C. § 3142. The Act mandates that a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). Generally, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

MEMORANDUM DECISION AND ORDER - 2

Some offenses, however, give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3). Frey has been charged with such an offense: distribution of fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), which carries a statutory maximum penalty exceeding ten years. *See* 18 U.S.C. § 3142(e)(3)(C) (enumerating offenses under the Controlled Substance Act, 18 U.S.C. § 801, *et seq.*, for which a maximum term of imprisonment of ten years or more is prescribed).

If Frey proffers evidence to rebut the presumption, the burden shifts to the Government to prove the pretrial standard—that is, whether there is no condition or combination of conditions that will reasonably assure Frey's appearance as required and the safety of the community. *See Hir*, 517 F.3d at 1086. "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *Id.* (quoting 18 U.S.C. § 3142(f)(2)(B)). The presentation of evidence on motions for detention is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

### A.     Rebuttable Presumption

The Court first considers whether Frey proffered evidence sufficient to rebut the presumption in favor of detention. The Ninth Circuit has not yet established a standard by which to measure whether a defendant has rebutted the presumption of detention. Many circuits that have considered the issue, however, agree that a defendant need only produce "some evidence" that he is not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O'Brien*, 895 F.2d 810, 815 (1st

**MEMORANDUM DECISION AND ORDER - 3**

Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086.

During the detention hearing before the magistrate, Frey relied on reports provided by pretrial services as well as information obtained from his family members and former probation officer to rebut the presumption of detention. (*See* Dkts. 41-1, 41-2, 41-3). Based on this evidence, Frey proffered the following: that he is sixty-seven years old and owns a home in Missoula, Montana where he has lived for the last thirty years; that he has significant family ties to Missoula, including his two adult children and his elderly mother, for whom he is the primary caregiver; that he helps manage his mother's rental apartments for work; that although he has a lengthy criminal record, much of it is dated and dissimilar to the charged conduct; that given his criminal history, he has only failed to appear for court proceedings once in 1999 and the related warrant was ultimately quashed; and finally, that he successfully completed a three-year term of supervised release.

The Government argues this evidence was insufficient to rebut the presumption of detention in this case. The Government emphasizes that because Frey lied to pretrial services and has a lengthy criminal history, he is untrustworthy and dangerous. The Government also discounts Frey's ties to his community, contending they have not prevented him from breaking the law before.

The Government's arguments are unavailing. A defendant need only produce *some* evidence to rebut the presumption of detention, and this burden is not "heavy." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Frey produced evidence he is not a flight risk,

including that he has significant ties to Missoula and a track record of appearing for court proceedings. Frey also produced evidence he is not a danger to the community. Although Frey has a lengthy criminal record, he is sixty-seven, and most of his prior felonies are over ten years old. Notably, Frey recently completed three years of supervised release, suggesting he is capable of being supervised by probation and substantially complying with the terms of release. While it is certainly troubling Frey lied to pretrial services, this does not suggest he is danger to the community or that the evidence he provided was insufficient to rebut the presumption. Thus, the Court concludes Frey has produced some evidence to rebut the presumption of detention.

> **B.    Whether There Are Conditions of Release that Will Reasonably Assure the Appearance of Frey as Required and the Safety of Any Other Person and the Community**

Because Frey has proffered evidence sufficient to rebut the presumption, the inquiry becomes whether there is no condition or combination of conditions that will reasonably assure Frey's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(1).

> [T]he court considers four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged, including whether the offense is a federal crime of terrorism; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, and history relating to drug or alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

*Hir*, 517 F.3d at 1086 (citing 18 U.S.C. § 3142(g)). "The presumption [in favor of detention] is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Hir*, 517 F.3d at 1086 (quoting *Dominguez*, 783 F.2d at 707) (internal quotation marks omitted).

**MEMORANDUM DECISION AND ORDER - 5**

After examining the factors in section 3142(g), the parties' evidence, and their arguments, the Court finds the Government has not met its burden of persuasion to show there are no conditions that will reasonably assure Frey's appearance and the safety of the community. On balance, the factors support pretrial release. First, Frey does not appear to be a flight risk. As already noted, Frey's criminal history, with only one minor exception, indicates he reliably appears for court proceedings. Frey's family and economic ties also suggest he has incentive to remain in Missoula. Indeed, Frey's family, home, cars, and work are all in Missoula. The conditions imposed by the magistrate judge, including that Frey be subject to location monitoring, also reasonably assure that he will not abscond or flee prosecution. Thus, the preponderance of evidence establishes that Frey is not at risk of failing to appear.

Second, conditions for release exist that reasonably assure the safety of the community. As an initial point, as the magistrate judge acknowledged, absent any conditions for his release, clear and convincing evidence exists in the record to support a finding that Frey may be a danger to the community. The Court agrees with this finding by the magistrate. Most notably, Frey is charged with trafficking and distributing over 4,000 pills of fentanyl. Frey's co-defendant, Mitchell, told law enforcement the two have made approximately six trips to Spokane to obtain fentanyl from their supplier and that Frey typically stored the fentanyl at his home. Although no fentanyl has been found in Frey's home, law enforcement did find drug paraphernalia and other indicia of drug dealing. Of course, Frey maintains he is innocent of the charges against him, arguing Mitchell is falsely implicating him in the alleged crime. Nevertheless, when considering the seriousness of the charged offense and the weight of the evidence,[1] Frey may be a danger to the community.

---

[1] Of the factors under 18 U.S.C. § 3142(g), "the weight of the evidence is the least important, and the statute neither requires nor permits a pretrial determination of guilt." *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). Therefore, while the weight of the evidence may militate against release, the Court places less significance on this factor.

**MEMORANDUM DECISION AND ORDER - 6**

However, although Frey is potentially dangerous, the conditions imposed by the magistrate judge reasonably assure the safety of the community. Frey is subject to location monitoring and a curfew while on pretrial release and is prohibited from leaving Montana unless pretrial services approve otherwise. (Dkt. 38, ¶¶ 9, 18). Frey is also prohibited from having any contact with Mitchell, who is currently detained and who was allegedly responsible for selling the fentanyl. (*Id.*, ¶ 10). Lastly, Frey is subject to random drug testing to assure he refrains from using any controlled substances while released. (*Id.*, ¶ 16). Collectively, these conditions mitigate the risk that Frey's alleged fentanyl distribution poses to the community.

Additionally, many of Frey's other characteristics and personal history indicate he can comply with the terms of his release. The only evidence in the record suggests Frey has legitimate employment and does not need to sell drugs to earn a living. Frey also, despite his criminal history, has no reported violations while on probation or supervised release in his prior criminal cases. Although Frey did use methamphetamine while on pretrial release in his most recent federal case, that was nearly ten years ago, and Frey has since completed a three-year term of supervised release with no incident. These facts, coupled with the conditions imposed by the magistrate, reasonably assure the safety of the community.

The Government argues Frey's lengthy criminal history, which includes some violent crimes, indicates he is a danger to the community. The Court disagrees. Although Frey has an extensive criminal history dating back roughly fifty years, much of it is dated. Frey has not been convicted of a crime in over ten years. His only conviction involving a controlled substance occurred over thirty-five years ago. And as noted by the magistrate, the only arguably recent violent crimes committed by Frey involved his ex-wife, whom he divorced in 2010. Thus, although Frey's criminal history is extensive, it is not indicative of the risk he now poses to the community.

In sum, having conducted a de novo review of the record in this matter, and having considered the parties' arguments at the detention hearing, any exhibits, and the parties' briefs on appeal from the magistrate judge's release order, the Court concludes that the Government has not shown that no conditions exist to reasonably assure Frey's appearance as required and the safety of the community. Accordingly, the Government's motion to revoke the release order is denied and the release order and its corresponding conditions for release (Dkts. 35, 38) shall remain in effect.

## IV. ORDER

**IT IS ORDERED that:**

1. The Government's Notice of Appeal of Magistrate's Order and Request for Additional Time to File Memorandum in Support of Appeal (Dkt. 36) is **DENIED**.

2. The Order Denying the Government's Motion for Detention and Staying Order Setting Conditions of Release (Dkt. 35) is **AFFIRMED**.

DATED: March 22, 2024

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge